IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOHNSON MATTHEY PLC, JOHNSON MATTHEY, INC., JOHN DAVID MCKELVIE, and PAUL CARD GREAVES,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO QUASH SERVICE OF SUMMONS**<br><br>Case No: 2:06-CR-169 DB<br><br>District Judge Dee Benson<br><br>Magistrate Judge David Nuffer |

This matter was referred to Magistrate Judge David Nuffer by District Judge Dee Benson pursuant to 28 U.S.C. § 636 (b)(1)(A).[1] Before the court is Motion to Quash Service of Summons on Indictment by Defendant Johnson Matthey Plc (JM Plc).[2]

Defendant John Matthey, Inc. (JM Inc) is a wholly-owned subsidiary of Johnson Matthey Holdings, Inc. whose parent company is Defendant JM Plc.[3] JM Plc is incorporated under the law of England and Wales and with its principal place of business in London, England.[4] JM Plc asserts that it has not been effectively served by the government under Rule 4 of the Federal Rules of Criminal Procedure. JM Plc further argues that in this criminal case, service of process upon it cannot be accomplished under Rule 4 and the government must turn to a different source

---

[1] Order Referring Case, docket no. 67.

[2] Motion to Quash Service Of Summons on Indictment, docket no. 60.

[3] Affidavit by David Firn, ¶ 3, docket no. 62; *see also* Memorandum in Opposition, Attachment 3 at 5, docket no. 64.

[4] *Id*. ¶ 4.

to properly serve JM Plc, such as the Mutual Legal Assistance Treaty (MLAT) between the United Kingdom and the United States.[5]

In response, the government contends that it has properly served an officer and managing agent and mailed copies of the summons to the corporation, as required by Rule 4.[6]

Rule 4 of the Federal Rules of Criminal Procedure provides that:

> A summons is served on an organization by delivering a copy to an officer, to a managing or general agent, or to another agent appointed or legally authorized to receive service of process. A copy must also be mailed to the organization's last known address within the district or to its principal place of business elsewhere in the United States.[7]

The government claims that it properly served Defendant McKelvie in his role as either an officer or managing agent for JM Plc.[8] Although the record is clear that McKelvie was formerly an officer of the other corporate defendant, JM Inc,[9] it is unclear whether he was ever an officer or agent for JM Plc. Regardless of his former position, it is undisputed that McKelvie has been on administrative leave from his position with JM Inc since May 2005.[10] Therefore, at the time he was served in 2007, McKelvie had no authority to act on behalf of JM Inc or the parent company, JM Plc.

---

[5] Memorandum in Support of Motion to Quash at 5, docket no. 61; Reply Memorandum at 9, docket no. 68.

[6] Memorandum in Opposition at 14.

[7] Fed. R. Crim. P. 4(c)(3)(C).

[8] Memorandum in Opposition at 6-10.

[9] Affidavit by David Firn, ¶ 5.

[10] *Id.* ¶ 6; Attachment 5 to Memorandum in Opposition.

The government also claims that it properly served Grant Angwin as a managing agent for JM Plc.[11] Angwin is the acting site General Manager[12] or current Business Manager[13] for JM Inc at the Salt Lake Facility. There is no evidence that Angwin is an agent for the parent company JM Plc. Consequently, the government has failed to JM Plc "by delivering a copy [of the summons] to an officer, to a managing or general agent, or to another agent appointed or legally authorized to receive service of process."[14]

The government asserts that it complied with the second part of Rule 4 by mailing a copy of the summons to the last known address of JM Plc within the district or to its principal place of business elsewhere in the United States by mailing a copy of the summons to the Salt Lake refinery run by JM Inc and to JM Inc in Wayne, Pennsylvania. However, as previously noted, JM Inc is a wholly-owned subsidiary of parent company JM Plc[15] and service upon the subsidiary is not sufficient service on the parent company.[16] The government has failed to properly serve

---

[11] Memorandum in Opposition at 11-12.

[12] *Id.*, Attachment 5.

[13] Affidavit by David Firn, ¶ 12.

[14] Fed. R. Crim. P. 4(c)(3)(C).

[15] Affidavit by David Firn, ¶ 3; Memorandum in Opposition, Attachment 3 at 5.

[16] *See Benton v. Cameco Corp.,* 375 F.3d 1070, 1081 (10th Cir. 2004) ("'[A] holding or parent company has a separate corporate existence and is treated separately from the subsidiary in the absence of circumstances justifying disregard of the corporate entity.'" (quoting *Quarles v. Fuqua Indus., Inc.,* 504 F.2d 1358, 1362 (10th Cir. 1974); *Davies v. Jobs & Adverts Online, Gmbh*, 94 F.Supp.2d 719, 722-23 (E.D.Va. 2000) ("[S]ervice of process on a foreign defendant's wholly-owned subsidiary is not sufficient to effect service on the foreign parent so long as the parent and the subsidiary maintain separate corporate identities.").

Defendant JM Plc in this criminal case under either requirement of Rule 4. Accordingly, the service of summons on the indictment is quashed.

## ORDER

IT IS HEREBY ORDERED that the Motion to Quash Service of Summon on Indictment[17] is GRANTED and service of the summons is QUASHED.

IT IS FURTHER ORDERED that the arraignment hearing for JM Plc, previously scheduled for Thursday, March 1, 2007 at 9:45 a.m. is VACATED.

February 26, 2007.

BY THE COURT:

_____
David Nuffer
U.S. Magistrate Judge

---

[17] Docket no. 60.