IN THE UNITED STATES DISTRICT OF COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JOHNSON MATTHEY, PLC; JOHNSON MATTHEY INC.; JOHN DAVID MCKELVIE; and PAUL CARD GREAVES,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO CONTINUE TRIAL DATE**<br><br>Case No. 2:06-CR-00169 DB<br><br>Judge Dee Benson<br><br>Magistrate Judge Nuffer |

Defendants filed a Motion to Continue Trial Date.[1] A hearing on the motion was conducted on April 17, 2007. The United States was represented by Andrea Steward, Richard Lambert and Jared Bennett. Defendant Johnson Matthey Inc. ("JMI") was represented by Spencer E. Austin and Lawrence J. Leigh of Parsons Behle & Latimer. Defendant John David McKelvie ("McKelvie") was represented by Max D. Wheeler and Sam Harkness of Snow, Christensen & Martineau. Defendant Paul Card Greaves was represented by Michael W. Jaenish. Defendant Johnson Matthey PLC has not appeared in the case.

---

[1] Docket no. 34, filed October 27, 2006.

Before the hearing, the court carefully considered the memoranda and other materials submitted by the parties. At the hearing, the court viewed a PowerPoint presentation by the government[2] and received copies of documents from the state court proceeding.[3]

## Nature of the Prosecution

This case alleges violations of environmental laws by Defendants in the operation of a gold and silver refinery in Salt Lake City in 1999-2002.[4] The first count of the indictment alleges conspiracy; counts 2-13 allege violation of regulatory effluent discharge limits; counts 14-23 allege concealment; counts 24-26 allege tampering; and counts 27-29 allege dilution of effluent.

## Issue on this Motion

The issue on this motion is whether trial in this case should be continued pending resolution of an action Defendants have filed in Utah Third District Court (State Action).[5] The State Action is a petition for extraordinary relief directed against Central Valley Water Reclamation Facility (Central Valley), the agency which issued the regulatory limits which Defendants are accused of violating in counts 2-23 in this criminal case. The State Action seeks to reach back over 15 years. The relief sought in the State Action is:

> An order declaring Central Valley's local limit for selenium . . . and . . . JMI's wastewater discharge permit selenium limit void *ab initio*; and

---

[2] A written printout is marked as Hearing Exhibit 1.

[3] Marked as Hearing Exhibit 2.

[4] Superseding Indictment, docket no. 47, filed December 13, 2006.

[5] *Johnson Matthey Inc.; John David McKelvie; and Paul Card Greaves v. Central Valley Water Reclamation Facility*, Case No. 060915856, Third District Court, State of Utah.

2

> An order requiring Central Valley to substitute the correct . . . concentration regulation used to calculate the local selenium limit, and thus correct JMI's permit limit accordingly.[6]

Central Valley's motion to dismiss the State Action was recently denied in an order that "concludes that Petitioners have alleged facts sufficient to demonstrate that Respondent may have exceeded its jurisdiction, abused its discretion, or failed to perform an act required by law."[7]  An attempt to appeal that order was denied.[8]

## Discussion

The alternatives presented are:

    a.    Delay of trial in this case until resolution of the State Action;

    b.    Bifurcation of trial on Counts 2-13, with counts 1 and 14-29 proceeding to trial now; and

    c.    Setting the entire case for trial, disregarding the State Action.

The government's memorandum suggested the last alternative as the proper action.  At the hearing, the government suggested the second alternative.  But the government admitted in argument that reference to the regulatory limit would be made even in a bifurcated trial, which also means the Defendants would be able to mention their pending challenge to the regulatory limit.  The trial would be unnecessarily confused by the uncertainty of the State Action, and at its

---

[6] Petition for Extraordinary Relief at 14, attached as Exhibit 1 to Memorandum in Support of Defendant's Motion to Continue Trial Date, docket no. 35, filed October 27, 2006.

[7] Findings of Fact, Conclusions of Law and Order on Respondent's Motion for Dismissal of Petition for Extraordinary Relief, February 5, 2007, State Action, included behind Tab 2 in Hearing Exhibit 2.

[8] Order, Utah Court of Appeals, March 15, 2007, Case No. 20070162-CA, included behind Tab 3 in Hearing Exhibit 2.

worst might result in a "trial within a trial" as each side attempted to maximize or minimize the merits of the State Action and its impact on this case.

In the event the Defendants are successful in the State Action, any prior verdict short of an acquittal in this case could be subject to question and challenge. The government, the Defendants and the public have a high interest in *a single trial not subject to doubt or uncertainty.* Time, expense and confidence in the judicial system will be affected.

The government expressed confidence in the opportunity that Central Valley might terminate the State Action with a motion short of trial. The State Action will be ready for trial in less than a year, and is estimated to take three trial days.[9]

Trial in this case was originally set for 6 weeks.[10] A new defendant, allegedly the parent corporation of Johnson Matthey Inc. has not appeared.

The criminal violations alleged in the 2006 superseding indictment refer to earlier time periods, and there is no present allegation of violation after 2002.

---

[9] Stipulated Attorneys Planning Meeting Report, February 2, 2007, State Action, included behind Tab 1 in Hearing Exhibit 2.

[10] Docket no. 6, filed April 25, 2006.

4

## ORDER

IT IS HEREBY ORDERED that Defendants' Motion to Continue Trial Date[11] is GRANTED; and

    a.    The Court will hold a Status Conference with the parties on September 6, 2007 at 9:00 A.M.

    b.    The parties shall advise the court of the filing of any dispositive motions in the State Action, and of any final decision. The court may change the date of the Status Conference if events in the State Action make it appropriate.

    c.    Pursuant to the Speedy Act, 18 U.S.C. § 3161(h)(8), the court specifically excludes the time period from October 27, 2006 to September 6, 2007. Defendants do not object to the Court's exclusion of time and the Court finds that the ends of justice are best served by granting the continuance and exclusion of time in this case as the considerations outlined in this order outweigh the interests of the Defendants and the public in an earlier trial date.

DATED this 27th day of April, 2007.

                          BY THE COURT:

                          _____
                          DAVID NUFFER
                          *U.S. Magistrate Judge*

---

[11] Docket no. 34, filed October 27, 2006.